[Civ. No. 41918. Second Dist., Div. One. Dec. 26, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
PACIFIC EMPLOYERS INSURANCE COMPANY,
Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Philip C. Griffin and Rodney Lilyquist, Jr., Deputy Attorneys General, for Plaintiff and Appellant.

Montgomery, Bottum, Regal & McNally and Roswell Bottum for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—Plaintiff, the State of California, acting on behalf of the State Board of Equalization, appeals from a judgment entered in an action to enforce respondent's liability pursuant to a written contract of surety guaranteeing the payment of sales and use taxes and incidental liabilities incurred by Hadley Alhambra, Inc. We reverse the judgment with directions to enter a new judgment for appellant.

On October 21, 1960, respondent, Pacific Employers Insurance Company, executed and issued a statutory sales tax "Bond of Seller" and "Endorsement to Bond of Seller" in the sum of $5,000 as security for the payment of sales and use taxes incurred by the principal of the bond, Hadley Alhambra, Inc., doing business as Furniture City (Hadley). The bond obligates respondent to pay all amounts of sales and use taxes, including interest penalties and costs due and not paid by Hadley on transactions occurring on and after October 21, 1960. It provides: "The surety hereunder [respondent] may relieve itself from liability to the extent and in the manner set forth in the provisions of the Civil Code [Civ. Code, § 2851] governing the termination by the surety of liability under bond; provided, however, that in no event shall it be relieved from liability as respects transactions/occurring before the effective date of such termination."

In the taxable period October 19, 1960 through December 31, 1960, Hadley underreported its sales and use tax liability on its quarterly tax return by $186.20. In the period from January 1, 1961 through March 28, 1961, Hadley filed no sales and use tax returns although it was liable for

such taxes in the amount of $7,057.20 for that period. On April 19, 1961, respondent gave notice of cancellation of its bond. On that date, no penalties or interest resulting from unpaid sales and use tax had been assessed against Hadley.

On May 1, 1961, the State Board of Equalization (the Board) assessed a penalty of $705.72 against Hadley for failing to pay its assessment for the January 1-March 28, 1961, period. By operation of law, those penalties accrued on the last day of the month following each reporting period within that span. On December 1, 1961, the Board sent a statutory notice of determination to Hadley setting forth Hadley's tax liability for the period October 19, 1960, to March 28, 1961. When that liability was not paid by December 31, 1961, a further penalty of $724.32 was assessed.

Federal bankruptcy proceedings were commenced against Hadley. The Board received $7,245.26 on account of its tax claim on November 6, 1967. It then demanded $4,289.54 from respondent on account of the bond given by respondent. That sum represents $1,429.55 of penalties and $2,859.99 in interest due from Hadley to the Board but not recovered in the bankruptcy proceeding. The penalties and interest had accrued on unpaid taxes for the period October 19, 1960-March 28, 1961. Respondent not having honored the demand, the complaint which commenced the case at bench was filed on June 20, 1968.

The trial court found the facts as recited in this opinion but entered judgment for plaintiff in the amount of only $705.72 (the penalty assessed on May 1, 1961) plus interest on that sum. In this appeal from that judgment, appellant, plaintiff, contends that the findings of fact of the trial court compel judgment in its favor in the full amount prayed. Applicable law dictates the conclusion that appellant is correct in its contention.

■ The principal issue of the case at bench focuses on the effect of the April 19, 1961, cancellation of its bond by respondent. Two significant sets of fact are undisputed. The penalties and interest which are the items at issue in the lawsuit were not assessed until after cancellation of the bond, but the sales transactions resulting in the unpaid taxes upon which those penalties and interest are based occurred prior to the effective date of the cancellation.

Civil Code section 2851 states in pertinent part: "At the expiration of thirty days after the filing of notice of termination . . . the bond is terminated and the surety is relieved of all liability which otherwise thereafter would arise on its bond." Standing alone, that section could be construed to relieve respondent of all liability for penalties and interest assessed after

May 19, 1961, 30 days after the notice of termination given by respondent. Here, however, section 2851 does not stand alone but must be applied to the contract of surety established by the record as found by the trial court. Such a contract is subject to the ordinary rules of construction. (Civ. Code, § 2837.) It must be interpreted with a view towards effectuating the purposes for which the contract of surety was signed. (*U. S. Leasing Corp.* v. *duPont,* 69 Cal.2d 275, 284 [70 Cal.Rptr. 393, 444 P.2d 65].) The provisions of Civil Code section 2851 "are subordinated to the intention of the parties." (Civ. Code, § 3268.) They may be waived "unless such waiver would be against public policy." (Civ. Code, § 3268.) Here the parties to the contract of surety agreed that ". . . in no event shall [respondent] be relieved from liability as respects transactions occurring before the effective date of . . . termination" of the contract. The penalties and interest, which are involved in the case at bench, are liabilities with respect to sales transactions occurring before the effective date of termination of the contract of surety (see *People* v. *Great American Ins. Co.,* 222 Cal.App.2d 552, 560-561 [35 Cal.Rptr. 267]) and are treated as part of the tax arising from those transactions (*Weston Inv. Co.* v. *State of California,* 31 Cal.2d 390, 393 [189 P.2d 262]). Thus, respondent, as a party to the contract of surety, waived the provisions of Civil Code section 2851 and agreed to be liable for the penalties and interest which are at issue here, sums accruing with respect to transactions occurring before termination of the contract although not assessed until after termination. Since no public policy dictates that the agreement not be enforced, its terms are binding upon respondent.

▪ Respondent contends affirmatively in this appeal that the trial court lacked jurisdiction to proceed because the judgment rendered by it is within the $5,000 jurisdictional limit of the municipal court. The contention is frivolous. Respondent's answer in the trial court denied that Hadley had incurred any liability for taxes. It thus raised an issue of the legality of a tax, an issue concerning which the superior court and not the municipal court had subject matter jurisdiction. (Code Civ. Proc., § 89; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, §§ 43, 44.) The proposition that the judgment as eventually entered did not deal with the issue of the validity of the taxes imposed on Hadley, that issue having been conceded by respondent at trial, does not deprive the superior court of jurisdiction. (Code Civ. Proc., § 396, par. 5; *Wexler* v. *Goldstein,* 146 Cal.App.2d 410, 414 [304 P.2d 41].)

▪ Respondent asserts also on this appeal that appellant's claim against it is barred by the statute of limitations, claiming that while it agreed in writing to an extension of the statute to April 18, 1968, appellant, plain-

tiff, did not file the complaint at bench until June 30 of that year. That contention is not available to respondent in this appeal. A party may not present a new theory for the first time on appeal that "contemplates a factual situation the consequences of which are open to controversy and were not put in issue or presented at the trial . . . ." (*Panopulos* v. *Maderis,* 47 Cal.2d 337, 341 [303 P.2d 738].) Here the factual basis of respondent's appellate claim of the bar of the statute of limitations was not presented by it to the trial court, and that basis is clearly one open to controversy.[1]

We thus determine that the trial court erred in concluding that the facts as found by it did not support appellant's claim in full. We accordingly reverse the judgment in the case at bench with instructions to the trial court to enter a new judgment consistent with its findings of fact and this opinion.

Wood, P. J., and Lillie, J., concurred.

---

[1]Respondent argued in the trial court that appellant's claim was barred by the statute of limitations. There, however, respondent asserted that the bar existed not because of the reason asserted on appeal but on the basis that its first waiver of the statute was given after the statute had run and without consideration. No evidence was presented concerning respondent's assertion on appeal that the last waiver of the statute of limitations expired on April 18, 1968, because that issue was not raised in the trial court.