[No. F035238. Fifth Dist. Nov. 8, 2001.]

JOE DUVAL et al., Plaintiffs and Appellants, v.
BOARD OF TRUSTEES OF THE COALINGA-HURON JOINT
UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts C and D of the Discussion.

## COUNSEL

Charles L. Doerksen for Plaintiffs and Appellants.

Lozano Smith, Michael E. Smith, Melanie A. Petersen and Gregory A. Floyd for Defendant and Respondent.

## OPINION

**VARTABEDIAN, Acting P. J.**—This is an appeal from a judgment for defendant in an action alleging violations of the Ralph M. Brown Act, Government Code section 54950 et seq. (hereafter the Brown Act).[1] The trial court concluded the first amended complaint failed to state a cause of action and granted defendant's motion for summary judgment. Of particular concern to us is statutory language permitting a public agency's board to close to the public a meeting for the purpose of the evaluation of the performance of a public employee. We will discuss, inter alia, the meaning of "evaluation of performance" and affirm the judgment.

### FACTS AND PROCEEDINGS

As relevant here, the Brown Act requires the governing boards of local agencies to conduct their business in public meetings. The Brown Act provides certain exceptions to this public meeting requirement. If a board takes measures conforming to certain procedural requirements, it is permitted to hold a closed meeting, as relevant here, "to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee . . . ." (§ 54957.)

In a previous action, filed April 17, 1998, plaintiff and appellant Joe Duval sued defendant Board of Trustees of the Coalinga-Huron Joint Unified School District and related persons for violation of the Brown Act. In essence, Duval contended defendant announced it was meeting in closed session to evaluate the performance of interim superintendent Patricia Lewis, but that defendant additionally discussed appointment of Lewis as superintendent. That action was settled in late 1998 by means of an extensive written agreement in which defendant admitted that it had violated the Brown Act. The settlement agreement called for board members to receive training in the requirements of the Brown Act.

When it came time in 1999 for defendant to conduct its annual performance evaluation of Lewis, the conflict between the parties arose again. This

---

[1] All further statutory references are to the Government Code.

time, at two consecutive board meetings (Mar. 23 and Apr. 13, 1999), defendant placed on the agenda a closed meeting to evaluate Lewis's performance. Instead, according to the amended complaint, the board members discussed the form they would use to evaluate Lewis. That form was not supplied to the public even though it was given to the board members. At the April 26, 1999, meeting defendant "took action to find the evaluation satisfactory so as to trigger the renewal provisions" of Lewis's employment contract, even though, according to the amended complaint, the meeting agenda stated the closed meeting was for "evaluation" of the superintendent.

By letter of May 6, 1999, plaintiffs' attorney notified defendant of the potential Brown Act violations arising from the foregoing course of conduct. On May 18, 1999, plaintiffs Joe Duval and Rosalinda Duval filed a complaint seeking a declaration that defendant's past actions violated the Brown Act and an injunction against future violations of the act.

On November 18, 1999, defendant filed its notice of motion for summary judgment, together with supporting documents. Defendant contended the actions of its members did not constitute Brown Act violations and, in the alternative, that the past actions of its members as alleged in the complaint did not demonstrate that future violations of the act were "threatened" within the meaning of section 54960, subdivision (a). Section 54960 permits a member of the public to "commence an action . . . for the purpose of stopping or preventing violations or threatened violations" of the Brown Act.

The trial court conditionally granted the motion for summary judgment on the basis "that plaintiffs' claim fails as a matter of law because it seeks relief for purely past actions. (Regents of the University of California v. Superior Court (1999) 20 Cal.4th 509 [85 Cal.Rptr.2d 257, 976 P.2d 808] . . . ." However, the court granted plaintiffs leave to amend: "If the amended complaint does not state a cause of action, the order granting summary judgment will no longer be stayed and judgment may be entered thereon."

Plaintiffs filed an amended complaint that more explicitly set forth that their requested relief was directed toward threatened future actions by defendant: "Plaintiffs desire a judicial determination of whether defendant BOARD violated the Brown Act as enumerated above. Such a declaration is necessary and appropriate at this time in order that the parties hereto may determine whether defendant BOARD's continuing practices with regard to closed sessions are in conformity with the Brown Act so as to ensure that its future closed sessions will be conducted in accordance with the requirements of the Brown Act."

By minute order dated January 18, 2000, the court determined the amended complaint was insufficient: "Plaintiff[s'] first amended complaint

fails as a matter of law because it seeks relief for purely past actions. . . . [¶] No cause of action is stated where the facts show only past actions. Even actions constituting a pattern of violations are insufficient, unless there are facts showing the violations are still occurring." Judgment in favor of defendant was signed on January 20, 2000.

Plaintiffs filed a timely notice of appeal.

## DISCUSSION

### A. The Trial Court's Decision

The amended complaint alleges defendant, based on past violations, will engage in future violations of the Brown Act unless enjoined from doing so. The amended complaint presents two issues for review. ■ First, does the amended complaint adequately allege defendant's future conduct will be the same as its past conduct? Second, was the past conduct violative of the Brown Act, such that repetition of the past conduct threatens future violations of the act?

Initially, we find the trial court mistakenly concluded the entire amended complaint "seeks relief for purely past actions." The amended complaint alleges defendant's past actions are indicative of its future actions and the complaint seeks to enjoin such future actions to the extent those actions violate the Brown Act.

Further, we disagree that "[e]ven actions constituting a pattern of violations are insufficient, unless there are facts showing the violations are still occurring." ■ When a court evaluates a complaint, the plaintiff is entitled to reasonable inferences from the facts pled. (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 789, fn. 3 [226 Cal.Rptr. 90, 718 P.2d 77, 62 A.L.R.4th 1083].) The first cause of action alleges that, in the conduct of its first two annual evaluations of its superintendent's job performance, defendant engaged in impermissible closed meetings. When confronted with plaintiffs' claim of Brown Act violations, defendant impliedly rejected plaintiffs' claim by allocating $100,000 for legal expenses in connection with the defense of defendant's actions. ■ We think it a reasonable inference that defendant will act in the same manner with respect to ensuing years' evaluations of the superintendent in the absence of an adjudication that its actions violate the Brown Act.

Even though we have concluded the trial court's stated reasons for granting judgment for defendant are wrong, particularly with respect to the

first cause of action, we must also consider whether the complaint alleges Brown Act violations. If the alleged past conduct of defendant did not violate the act, that conduct is not the basis for an inference that defendant's future conduct will violate the act. We consider each cause of action separately.

## B.  *The First Cause of Action*

The pattern of action alleged in the first cause of action was essentially this: In 1998, defendant announced (without meeting the agenda requirements of sections 54954.2, subdivision (a) and 54957.7, subdivision (a)) it would hold a closed session to evaluate the performance of the interim superintendent. During the meeting, defendant failed to evaluate the superintendent, focusing instead on general guidelines for evaluation of superintendents generally. At the next meeting, during a closed session announced for the purpose of evaluating the interim superintendent, defendant appointed the interim superintendent as superintendent. In connection with its meeting of February 9, 1999, defendant issued an agenda announcing a closed session: "Section 54957—Public Employee Evaluation [¶] Title: Teachers." In fact, the meeting addressed performance issues concerning a single teacher after that teacher already had received a performance evaluation. The next month, defendant issued agendas for successive meetings in which there would be a closed session for evaluation of the superintendent. In fact, those sessions concerned only the standards for such evaluation and the form that would serve as the basis for the evaluation. The next month, the agenda again announced a closed session to evaluate the superintendent but, in addition to the evaluation, defendant "took action to find the evaluation satisfactory so as to trigger the renewal provisions" of the superintendent's employment contract, according to the amended complaint.

Although the complaint alleges the foregoing actions violated the Brown Act in several different ways, the issue underlying all of those allegations is the degree of specificity with which the agenda must disclose the actions to be taken in closed session. For example, does "Section 54957—Public Employee Evaluation" give adequate notice of the actions allegedly taken in the various meetings in question here?

Section 54954.2, subdivision (a) requires "a brief general description of each item of business to be transacted or discussed at the meeting, including items to be discussed in closed session. A brief general description of an item generally need not exceed 20 words." Section 54954.5 provides, initially: "For purposes of describing closed session items pursuant to Section 54954.2, the agenda may describe closed sessions as provided below."

Subdivision (e) of section 54954.5 then states: "With respect to every item of business to be discussed in closed session pursuant to Section 54957:

"THREAT TO PUBLIC SERVICES OR FACILITIES

"Consultation with (Specify name of law enforcement agency and title of officer)

"PUBLIC EMPLOYEE APPOINTMENT

"Title: (Specify description of position to be filled)

"PUBLIC EMPLOYMENT

"Title: (Specify description of position to be filled.)

"PUBLIC EMPLOYEE PERFORMANCE EVALUATION

"Title: (Specify position title of employee being reviewed)

"PUBLIC EMPLOYEE DISCIPLINE/DISMISSAL/RELEASE

"(No additional information is required . . . .)"

Section 54957 provides, as quoted above, that an agency may hold a closed meeting "to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee . . . ." ■ "[T]he underlying purposes of the 'personnel exception' are to protect the employee from public embarrassment and to permit free and candid discussions of personnel matters by a local governmental body. [Citations.] [¶] [W]e must construe [it] narrowly and the 'sunshine law' liberally in favor of openness [citation]. . . ." (*San Diego Union v. City Council* (1983) 146 Cal.App.3d 947, 955 [196 Cal.Rptr. 45].) "[T]he Legislature has drawn a reasonable compromise, leaving the majority of personnel matters to be discussed freely and candidly in closed session, but permitting an employee to request an open session to defend against specific complaints or charges brought against him or her by another individual and thus to clear his or her name." (*Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 682 [98 Cal.Rptr.2d 263].) In addition, boards are not permitted to meet in closed session to discuss or take action "on proposed compensation" of a public employee, "except for a reduction of compensation that results from the imposition of discipline." (§ 54957.)

■ While not providing any extensive analysis or discussion of the matter, plaintiffs impliedly construe "evaluation of performance" and "public employee evaluation" in a very narrow sense of a formal, periodic review

of the employee's job performance. Thus, the amended complaint alleges the February 9, 1999, closed session for "Section 54957—Public Employee Evaluation [¶] Title: Teachers" was unlawful because in the meeting the board members merely were "informed regarding problems that the District was having with one particular staff member and deliberated upon that matter." (Underscoring omitted.)

We disagree that "evaluation of performance" is as narrow as plaintiffs suggest. In the context of section 54957, the phrase "to consider the . . . evaluation of performance" clearly is meant to extend to all employer consideration of an employee's discharge of his or her job duties after "appointment" or "employment" of the employee, up to (but excluding) "discipline" or "dismissal" of the employee. Nothing in the language of section 54957, adopted to permit "the majority of personnel matters to be discussed freely and candidly in closed session" (*Bell v. Vista Unified School Dist., supra,* 82 Cal.App.4th at p. 682), indicates that "evaluation of performance" is limited to the annual or periodic comprehensive, formal, and structured review of job performance commonly envisioned in a typical personnel manual or employment contract. We conclude the phrase "evaluation of performance" encompasses a review of an employee's job performance even if that review involves particular instances of job performance rather than a comprehensive review of such performance. Accordingly, we conclude plaintiffs' allegations concerning the February 9, 1999, board meeting do not show a Brown Act violation.

Further, we conclude "evaluation" may properly include consideration of the criteria for such evaluation, consideration of the process for conducting the evaluation, and other preliminary matters, to the extent those matters constitute an exercise of defendant's discretion in evaluating a particular employee. In some circumstances, a public employer might be bound by a collective bargaining agreement to evaluate certain employees pursuant to fixed criteria or by use of a particular form. In that instance, a determination to employ the required criteria does not reflect a "personnel decision" by the employer. By contrast, in circumstances such as the present case, the selection of criteria, the establishment of a fact-gathering mechanism, and a designation of particular areas of emphasis in the evaluation each might reflect the board's initial perception of the superintendent's performance since the last evaluation. That is, the evaluation commonly would be tailored to issues arising from the superintendent's actual discharge of her duties through time. As such, these preliminary considerations are an integral part of the actual evaluation of the superintendent and are properly a part of defendant's "consider[ation] [of] the . . . evaluation of performance" of the superintendent.

Similarly, it is far too narrow an interpretation of the statutory criteria to hold that "[taking] action to find the evaluation satisfactory" is an action apart from the evaluation itself, thereby requiring separate notice on defendant's agenda. "Feedback" to the employee is a traditional part of a formal performance evaluation. (See Armstrong, A Handbook of Human Resource Management (1988) p. 167.) A determination of whether an employee's performance is satisfactory and establishment of goals for future improvement are the primary objectives of a formal performance evaluation. (*Id.* at p. 166.) Accordingly, we conclude plaintiffs failed in this instance as well to allege a Brown Act violation.

In summary, we conclude the allegations of the first cause of action are sufficient to establish a "threat" that defendant will act in the future as it has in the past, but we conclude the allegations of that cause of action do not establish that the "threatened acts" violate the Brown Act.

C., D.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. Defendant is awarded its costs on appeal.

Harris, J., and Wiseman, J., concurred.

A petition for a rehearing was denied November 30, 2001, and appellants' petition for review by the Supreme Court was denied January 29, 2002.

---

*See footnote, *ante*, page 902.