BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE WESLEY CHESBRO, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
When the legislative body of a local agency meets in closed session to consider the proposed dismissal of a public employee but ultimately rejects that proposal and retains the employee, is the legislative body thereafter required to publicly report its decision and the vote or abstention of each member?
 CONCLUSION
When the legislative body of a local agency meets in closed session to consider the proposed dismissal of a public employee but ultimately rejects that proposal and retains the employee, the legislative body is not thereafter required to publicly report its decision and the vote or abstention of each member.
 ANALYSIS
Under the Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Act"),[1] the legislative bodies of local agencies are ordinarily required to conduct their business in open and public sessions. (See, e.g., Shapiro v. Board of Directors (2005)134 Cal.App.4th 170, 179; Chaffee v. San Francisco LibraryCommission (2004) 115 Cal.App.4th 461, 468-469; InternationalLongshoremen's Warehousemen's Union v. Los Angeles ExportTerminal, Inc. (1999) 69 Cal.App.4th 287, 293.) Subdivision (a) of section 54953 provides:
 "All meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter."
A "legislative body" includes "[a] commission, committee, board, or other body of a local agency. . . ." (§ 54952, subd. (b).)
The question presented for resolution concerns the "personnel exception," under which a legislative body may convene in closed session to address certain personnel-related matters. Subdivision (b)(1) of section 54957 provides:
 "Subject to paragraph (2), nothing contained in this chapter shall be construed to prevent the legislative body of a local agency from holding closed sessions during a regular or special meeting to consider the appointment, employment, evaluation of performance, discipline, or dismissal of a public employee or to hear complaints or charges brought against the employee by another person or employee unless the employee requests a public session." (Italics added.)[2]
The reporting requirement associated with such closed sessions is provided in subdivision (a)(5) of section 54957.1, which states:
 "(a) The legislative body of any local agency shall publicly report any action taken in closed session and the vote or abstention of every member present
thereon, as follows:
". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(5) Action taken to appoint, employ, dismiss, accept the resignation of, or otherwise affect the employment status of a public employee in closed session pursuant to Section 54957 shall be reported at the public meeting during which the closed session is held. Any report required by this paragraph shall identify the title of the position. The general requirement of this paragraph notwithstanding, the report of a dismissal or of the nonrenewal of an employment contract shall be deferred until the first public meeting following the exhaustion of administrative remedies, if any." (Italics added.)
We are asked to determine how this reporting duty applies, if at all, when a legislative body meets in closed session to consider dismissing a public employee, but the legislative body ultimately decides against dismissal, choosing to retain the employee instead. Does the legislative body's decision to maintain the status quo constitute an "action taken to . . . dismiss . . . or otherwise affect the employment status of a public employee in closed session" within the meaning of section 54957.1, subdivision (a)(5)? If so, the body must thereafter publicly report that outcome and the vote or abstention thereon of every member present. We conclude that the reporting requirement of section 54957.1, subdivision (a)(5), does not apply to a legislative body's closed-session rejection of a motion or other proposal to dismiss an employee.
In examining the language of section 54957.1, we apply well established rules of statutory construction, the most important of which is to ascertain the intent of the law and to effectuate its purpose. (See Hassan v. Mercy American River Hospital
(2003) 31 Cal.4th 709, 715; Esberg v. Union Oil Co. (2002)28 Cal.4th 262, 268; Hunt v. Superior Court (1999) 21 Cal.4th 984,1000.) "`In determining intent, we look first to the words of the statute, giving the language its usual, ordinary meaning.'" (Curle v. Superior Court (2001) 24 Cal.4th 1057, 1063.) We "`"should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage." [Citation.]' [Citation]." (Cooley v. Superior Court (2002)29 Cal.4th 228, 249.) Also, a particular provision must be read in the context of the statute as a whole and of the body of law of which it is a part. (Hassan v. Mercy American River Hospital,supra, 31 Cal.4th at p. 715; People v. Gardeley (1996)14 Cal.4th 605, 621; Adoption of Kelsey S. (1992) 1 Cal.4th 816,826.) Finally, we are not to insert additional words or phrases or to otherwise disregard or second guess the Legislature's choice of language. In Wells Fargo Bank v. Superior Court
(1991) 53 Cal.3d 1082, 1097, the Supreme Court observed:
 "[A] statute `. . . is to be interpreted by the language in which it is written, and courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' [Citation]."
Here, our task is made easier by the precision with which the Legislature has limited the reporting duty in the circumstances presented. Section 54957.1, subdivision (a)(5), imposes a reporting duty only when the legislative body has actually taken action "to appoint, employ, dismiss, accept the resignation of, or otherwise affect the employment status of a public employee in closed session." If none of these specified types of "actions" is "taken" during the closed session, there is no duty to report the body's deliberations or the members' votes or abstentions with respect thereto.
We recognize that the term "action taken" includes a "negative decision." In this regard, section 54952.6 provides:
 "As used in this chapter, `action taken' means a collective decision made by a majority of the members of a legislative body, a collective commitment or promise by a majority of the members of a legislative body to make a positive or a negative decision, or an actual vote by a majority of the members of a legislative body when sitting as a body or entity, upon a motion, proposal, resolution, order or ordinance."
However, only some "actions taken" must be reported under the directive of section 54957.1 — those that bring about some modification or change in employment status.
In 63 Ops.Cal.Atty.Gen. 215, 218 (1980), we observed that a modification or change in status was required:
 ". . . The Legislature, in enacting section 54957.1, did not provide that all "action taken" with respect to the appointment, employment or dismissal of an employee be reported at the Legislative body's next public meeting, but provided that action taken to appoint, employ or dismiss an employee be so announced."
Similarly, in Gillespie v. San Francisco Pub. Library Com.
(1998) 67 Cal.App.4th 1165, the court concluded that the Act requires only the reporting of a candidate's actual appointment, not mere nomination. The court relied upon our 1980 opinion interpreting the requirements of section 54957.1, noting in part:
 ". . . [T]he Attorney General concluded that construing section 54957.1 to encompass all personnel matters could impliedly repeal or amend away much of section 54957 (permitting closed sessions to consider personnel matters) and its purpose: `[A] primary reason for the "personnel exception" to the Ralph M. Brown Act is to avoid undue publicity and embarrassment to the affected employee. It is patent that to require a public report on all "action taken" in executive session on "personnel matters" could effectively destroy the "personnel exception."' (63 Ops.Cal.Atty.Gen., supra, at p. 220.)" (Id. at pp. 1175-1176.)
The important public purposes served by the Act's "personnel exception" have been recognized in a number of cases. (See, e.g.,Versaci v. Superior Court (2005) 127 Cal.App.4th 805, 822
["underlying purposes of the `personnel exception' are to protect the employee from public embarrassment and to permit free and candid discussions of personnel matters by a local governmental body"]; Duval v. Board of Trustees (2001) 93 Cal.App.4th 902,908 [same]; Bollinger v. San Diego Civil Service Com. (1999)71 Cal.App.4th 568, 573 [same]); see also 80 Ops.Cal.Atty.Gen. 308, 310 (1997) [purpose of section 54957 is to "foster candid discussions by members of the legislative body concerning the qualifications of staff or prospective staff members without subjecting the latter to public embarrassment"]; 63 Ops.Cal.Atty.Gen. 153, 155 (1980).) In 63 Ops.Cal.Atty.Gen. 215,supra, we pointed out that these purposes could be undermined by having to report a decision not to dismiss an employee:
 ". . . For example, a report would be required that it had been decided [in closed session] not to dismiss an employee even if the possible dismissal was not a matter of public knowledge. Such an announcement would run completely counter to the purpose of section 54957 with respect to personnel executive sessions." (Id. at p. 220.)
The Legislature's concern for an employee's privacy is further reflected in the Act's notice and agenda requirements for closed sessions involving the possible discipline or dismissal of employees. (See § 54954.5, subd. (e) [phrase "Public Employee Discipline/Dismissal/Release" satisfies notice requirement; legislative body not required to identify position title or employee under consideration].) We find that the Legislature's general concern for employee privacy supports our conclusion that disclosure under the terms of section 54957.1, subdivision (a)(5), is required only when the legislative body actually makes a modification or change in employment status. (See Moreno v.City of King (2005) 127 Cal.App.4th at 17, 26-27; Lucas v.Board of Trustees (1971) 18 Cal.App.3d 988, 992.)
Finally, we reject the suggestion that the approval of Proposition 59 by California voters at the November 2, 2004, General Election requires a different analysis in reaching our conclusion. Proposition 59 added subdivision (b) to section 3 of article I of the Constitution as follows:
 "(1) The people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny.
 "(2) A statute, court rule, or other authority, including those in effect on the effective date of this subdivision, shall be broadly construed if it furthers the people's right of access, and narrowly construed if it limits the right of access. A statute, court rule, or other authority adopted after the effective date of this subdivision that limits the right of access shall be adopted with findings demonstrating the interest protected by the limitation and the need for protecting that interest.
 "(3) Nothing in this subdivision supersedes or modifies the right of privacy guaranteed by Section 1 or affects the construction of any statute, court rule, or other authority to the extent that it protects that right to privacy, including any statutory procedures governing discovery or disclosure of information concerning the official performance or professional qualifications of a peace officer.
 "(4) Nothing in this subdivision supersedes or modifies any provision of this Constitution, including the guarantees that a person may not be deprived of life, liberty, or property without due process of law, or denied equal protection of the laws, as provided in Section 7.
 "(5) This subdivision does not repeal or nullify, expressly or by implication, any constitutional or statutory exception to the right of access to public records or meetings of public bodies that is in effect on the effective date of this subdivision, including, but not limited to, any statute protecting the confidentiality of law enforcement and prosecution records.
 "(6) Nothing in this subdivision repeals, nullifies, supersedes, or modifies protections for the confidentiality of proceedings and records of the Legislature, the Members of the Legislature, and its employees, committees, and caucuses provided by Section 7 of Article IV, state law, or legislative rules adopted in furtherance of those provisions; nor does it affect the scope of permitted discovery in judicial or administrative proceedings regarding deliberations of the Legislature, the Members of the Legislature, and its employees, committees, and caucuses."
The new constitutional requirement that statutes be "narrowly construed" if they limit "the right of access" to information concerning the conduct of the people's business reflects a principle of statutory construction that has been routinely applied by the courts and by this office. (See, e.g., Shapiro v.San Diego City Council (2002) 96 Cal.App.4th 904, 917; City ofHemet v. Superior Court (1995) 37 Cal.App.4th 1411, 1425;Rogers v. Superior Court (1993) 19 Cal.App.4th 469, 476; 79 Ops.Cal.Atty.Gen. 269, 271 (1996).) The particular statute construed here, first enacted in 1975 (Stats. 1975, ch. 959, § 9), is plainly a pre-existing "statutory exception to the right of access to . . . meetings" (Cal. Const., art. I, § 3, subd. (b)(5)) and, therefore, remains in full force and effect notwithstanding the recent adoption of Proposition 59. (SeeShapiro v. Board of Directors, supra, 134 Cal.App.4th at p. 179, fn. 14; 88 Ops.Cal.Atty.Gen. 16, 20-22 (2005); 87 Ops.Cal.Atty.Gen. 181, 186-188 (2004).) We therefore find that the new constitutional language does not mandate a different analysis or suggest a different conclusion here.
We conclude that, where the legislative body of a local agency meets in a closed session to consider the proposed dismissal of a public employee but ultimately rejects that proposal and retains the employee, the legislative body is not thereafter required to publicly report its decision or the vote or abstention of each member.
[1] All references hereafter to the Government Code are by section number only.
[2] "Paragraph (2)" requires written notice to employees of their right to have specific charges and complaints against them heard in open session.