[No. A102550. First Dist., Div. Two. Jan. 29, 2004.]

JAMES CHAFFEE, Plaintiff and Appellant, v.
SAN FRANCISCO LIBRARY COMMISSION et al., Defendants and
Respondents.

COUNSEL

Robert J. Moskowitz for Plaintiff and Appellant.

Dennis J. Herrera, City Attorney, Wayne K. Snodgrass, Rafal Ofierski and K. Scott Dickey, Deputy City Attorneys, for Defendants and Respondents.

OPINION

RUVOLO, J.—

## I.

### INTRODUCTION

Appellant James Chaffee appeals from a judgment granting respondents' motion for summary judgment. We disagree with appellant that the Ralph M. Brown Act (Gov. Code, § 54950 et seq.)[1] (the Brown Act) and the San Francisco Sunshine Ordinance of 1999 (S.F. Admin. Code, ch. 67) (the Sunshine Ordinance) require that a general public comment[2] period be provided at *each* session of a continued public meeting held to consider a single published agenda. Accordingly, we affirm.

## II.

### FACTS AND PROCEDURAL HISTORY

On May 16, 2002, the San Francisco Library Commission (Library Commission) held its regularly scheduled meeting.[3] Commissioners Bautista, Chin, Higueras, and Steiman were present. The agenda for the May 16th meeting was posted on May 12, 2002, and included the following items: (1) Approval of the April 18, 2002 Minutes (Action); (2) Bond Program Manager's Report (Discussion); (3) Art Enrichment Program (Action); (4) Design Excellence Program (Discussion); (5) Site Acquisition: Portola Branch (Action); (6) Library 2002/2003 Budget Update (Action); (7) Public Comment (Discussion); and (8) Adjournment (Action). The agenda also noted that public comment would be taken before or during the Library Commission's consideration of each agenda item. During the May 16th session,

---

[1] Unless otherwise indicated, further statutory references are to the Government Code.

[2] For simplicity, we will refer to the type of additional public comment at issue in this appeal as "general public comment."

[3] Respondents' request for judicial notice of meeting minutes, which was taken under submission pursuant to this court's order dated October 1, 2003, is hereby granted.

President Higueras announced that due to the potential loss of quorum by 5:30 p.m. that day, he would reorder the taking up of agenda items.[4] The commission announced the three agenda items to be considered that day (agenda items (1), (3), and (5)), and proceeded to hear public comment on each item. President Higueras then announced that, as the commission was losing its quorum, the remaining business of the meeting would be continued to Tuesday, May 21, 2002. The meeting was adjourned at 5:27 p.m.

On May 17, 2002, the Library Commission issued the notice and the agenda for the continued portion of the May 16th meeting, and posted both at the door of the main library's Koret Auditorium, where the second session of the continued meeting would be held. The agenda for the continued May 16th meeting only listed the remaining items not heard at the first and in the new order as announced by President Higueras on May 16th: (1) Bond Program Manager's Report (Discussion); (2) Design Excellence Program (Discussion); (3) Library 2002/2003 Budget Update (Action); (4) Public Comment (Discussion); and (5) Adjournment (Action). Also on May 17, 2002, appellant filed a complaint seeking injunctive and declaratory relief against the commission and commissioners Higueras, Steiman, Chin, and Bautista alleging that the parties violated the Brown Act and the Sunshine Ordinance. Appellant sought a permanent injunction requiring the Library Commission and its members to provide for public comment at all meetings, and declaratory relief stating that the Brown Act and the Sunshine Ordinance require general public comment at all regular meetings. Appellant also filed an ex parte application for a temporary restraining order on May 20, 2002, which the trial court denied.

At the continued meeting on Tuesday, May 21, 2002, the same commissioners present at the May 16th meeting heard the remaining agenda items. At this session public comment was allowed on each remaining agenda item, and a general public comment period was also held at the conclusion of meeting, but before adjournment.

Appellant filed a motion for preliminary injunction on July 26, 2002, which the trial court denied. Thereafter, respondents filed a summary judgment motion, which was granted. This timely appeal followed.

## III.

### Discussion

Appellant argues that the Brown Act and the Sunshine Ordinance require that members of the public be given an opportunity to comment generally on

---

[4] President Higueras reordered the taking of agenda items as follows: (2) was changed to (4), (3) to (2), (4) to (5), (5) to (3), followed by items (6) through (8) in the original posted order.

matters within the jurisdiction of a legislative body at *each session* of that body's public meetings, in addition to being allowed comment on specific agenda items. Hence, appellant claims respondents violated both statutes when the Library Commission adjourned and continued its May 16, 2002 meeting without giving him an opportunity to make general public comment. This is so, he argues, notwithstanding that he was allowed to make comments on every agenda item taken up at the May 16th meeting, in addition to being allowed to comment on the remaining agenda items, and to make general public comments, at the continued May 21st meeting session.

■ On appeal from a grant of summary judgment, we exercise our independent judgment in determining whether there are triable issues of material fact and whether the moving party is entitled to judgment as a matter of law. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334–335 [100 Cal.Rptr.2d 352, 8 P.3d 1089].) ■ Summary judgment is properly granted if there is no question of fact and the issues raised by the pleadings may be decided as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493] (*Aguilar*).) In moving for summary judgment, a defendant may show that one or more elements of the cause of action cannot be established by the plaintiff or that there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (o)(2); *Aguilar, supra,* 25 Cal.4th at p. 849.) Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. (25 Cal.4th at p. 849.) The plaintiff may not rely upon the mere allegations or denials of his pleadings to show that a triable issue of material fact exists but instead, must set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto. (*Ibid.*)

■ The moving party must support the motion with evidence including affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice must or may be taken. (Code Civ. Proc., § 437c, subd. (b); *Aguilar, supra,* 25 Cal.4th at p. 843.) Similarly, any adverse party may oppose the motion and " 'where appropriate,' " may present evidence including affidavits, declarations, admissions to interrogatories, depositions, and matters of which judicial notice must or may be taken. (25 Cal.4th at p. 843.) In ruling on the motion, the court must consider all of the evidence and all of the inferences reasonably drawn therefrom (Code Civ. Proc., § 437c, subd. (c); *Aguilar, supra,* 25 Cal.4th at p. 843), and view such evidence and inferences in the light most favorable to the opposing party. (*Aguilar, supra,* at p. 843.)

Appellant makes no reference in his brief to any material disputed issue of fact in this case.[5] Therefore, our independent review of the summary judgment turns solely on an interpretation of the law. More specifically, we are called upon to interpret sections 54950 et seq. and San Francisco Administrative Code chapter 67 as applied to the May 16th and May 21st Library Commission meetings, and determine whether general public comment is required at both the original and the continued session of those assemblies.

Section 54954.3, subdivision (a) provides in pertinent part, "[e]very agenda for regular meetings shall provide an opportunity for members of the public to directly address the legislative body on any item of interest to the public . . . that is within the subject matter jurisdiction of the legislative body . . . ." Similarly, San Francisco Administrative Code section 67.15, subdivision (a) provides, "[e]very agenda for regular meetings shall provide an opportunity for members of the public to directly address a policy body on items of interest to the public that are within policy body's subject matter jurisdiction . . . ."

Appellant urges us to interpret these laws to mean that there must be general public comment allowed at every *session* when a public body meets, in addition to allowing comment on specific agenda items. Appellant argues that because a continued meeting is a separate and regular meeting under sections 54952.2, subdivision (a), and 54955, and respondents failed to provide for a general public comment period at both "meetings," respondents violated both the Brown Act and the Sunshine Ordinance.[6] We disagree.

In determining the meaning of a statute, we are guided by settled principles of statutory interpretation. "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the

---

[5] Although appellant disputes whether the Library Commission's choice of the order with which to proceed with agenda items at the May 16th meeting was not really the "most pressing" in appellant's statement of disputed facts, we find that this "disputed" fact is not material to the cause of action for relief because neither the Brown Act nor the Sunshine Ordinance requires that agenda items be put in any specific order. (See § 54950 et seq.; see also S.F. Admin. Code, ch. 67.) Further, appellant's only other "disputed" fact relevant to this appeal is that "[t]he adjournment of defendant library commission on May 16, 2002 was not unexpected or due to any emergency or situation beyond the commission's control." Again, this point is not material because there is no requirement in either the Brown Act or the Sunshine Ordinance necessitating such conditions for adjournment and continuance. (See § 54950 et seq.; see also S.F. Admin. Code, ch. 67.)

[6] Although appellant contends that "the actions of defendants violated the law by refusing to allow public comment that is mandated by both . . . the 'Brown Act' . . . and . . . the 'Sunshine Ordinance,' " appellant fails to provide us with any argument relating to *how* respondents have violated the Sunshine Ordinance. Nevertheless, because of the textual similarity of the two public meeting statutes, we will also address any potential Sunshine Ordinance violations.

purpose of the law. [Citations.]" (*People v. Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420] (*Pieters*).) To determine this intent, we begin by examining the words of the statute. (*Ibid.*) We must follow the construction that "comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." (*People v. Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224].) Further, we must read every statute, " 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' " (*Pieters, supra,* 52 Cal.3d at p. 899, quoting *Clean Air Constituency v. California State Air Resources Bd.* (1974) 11 Cal.3d 801, 814 [114 Cal.Rptr. 577, 523 P.2d 617].)

Here, the words of both public meeting statutes are clear: "[e]very *agenda* for regular meetings shall provide an opportunity for members of the public to directly address a legislative body on any item of interest to the public . . . that is within the subject matter jurisdiction of the legislative body . . . ." (§ 54954.3, subd. (a), italics added; see S.F. Admin. Code, § 67.15, subd. (a).) The Library Commission provided for general public comment during the second day of its two-day meeting held to consider a single agenda. Thus, the commission fully complied with the plain meaning requirements of both section 54954.3 and San Francisco Administrative Code section 67.15.

If we were to accept appellant's interpretation of the statute requiring general public comment at every session or "meeting" of a public body, and not for every "agenda," we would render the Legislature's use of the word "agenda" mere surplusage. (See *Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 330 [87 Cal.Rptr.2d 423, 981 P.2d 52] ["[S]ignificance must be given to every word in pursuing the legislative purpose, and the court should avoid a construction that makes some words surplusage"].)

In addition, construing section 54954.3 and San Francisco Administrative Code section 67.15 to require a single general public comment period where a public body meets in multiple sessions to consider its agenda is fully consonant with the plain meaning of the applicable open government statutes and avoids absurd results. The Brown Act's statement of intent provides: "In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly. [¶] The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining

informed so that they may retain control over the instruments they have created." (§ 54950.) The Brown Act is intended to ensure the public's right to attend public agency meetings to facilitate public participation in all phases of local government decisionmaking, and to curb misuse of the democratic process by secret legislation of public bodies. (*International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc.* (1999) 69 Cal.App.4th 287, 293 [81 Cal.Rptr.2d 456].)

■ When the Brown Act and the Sunshine Ordinance are read in their entirety, we conclude that the lawmaking bodies clearly contemplated circumstances in which continuances and multiple sessions of meetings to consider a published agenda would be required, and thus they mandated that a single general public comment period be provided *per agenda*, in addition to public comment on each agenda item as it is taken up by the body. For example, section 54955.1 allows for any hearing by a legislative body of a local agency to be continued in the manner set forth in section 54955. Section 54955 provides that less than a quorum may adjourn from time to time and a copy of the order or notice of adjournment shall be conspicuously posted on or near the door of the place where the meeting was held within 24 hours after the time of the adjournment. In addition, section 54954.2, subdivision (b)(3) mandates that action on continued agenda items must occur within five calendar days of the meeting at which the continuance is called. Similarly, San Francisco Administrative Code section 67.15, subdivision (e) states that continuances shall be announced at beginning of meeting, or soon thereafter, while section 67.7, subdivision (e)(2) prevents policy bodies from taking action on items not appearing on posted agenda if less than two-thirds of members are present.

■ The Library Commission fully adhered to the language of these enactments and the Legislature's intent embedded in the statutes by hearing public comment on every agenda item taken up at the May 16th meeting. When the commission then lost its quorum, and in accordance with sections 54955, 54955.1, and 54954.2, subdivision (b)(3) and San Francisco Administrative Code sections 67.15, subdivision (e), and 67.7, subdivision (e)(2), the meeting on the May 16th agenda was continued for a period not to exceed the prescribed five-day limit with notice of the continued hearing time and date posted on the door of the meeting place within 24 hours. Further, the commission provided public comment on every remaining agenda item at the session held on May 21st, including providing for general public comment. Thus, the Library Commission did all that was required under both the plain meaning of pertinent provisions of the Brown Act and the Sunshine Ordinance, and in accordance with the Legislature's purpose in facilitating and providing for public participation in legislative decisionmaking.

Therefore, we conclude that respondents were entitled to judgment as a matter of law.

## IV.

### DISPOSITION

The judgment is affirmed.

Haerle, Acting P. J., and Lambden, J., concurred.