[No. A109633. First Dist., Div. Four. Oct. 26, 2005.]

JAMES CHAFFEE, Plaintiff and Appellant, v.
SAN FRANCISCO PUBLIC LIBRARY COMMISSION et al., Defendants
and Respondents.

**COUNSEL**

James Chaffee, in pro. per., for Plaintiff and Appellant.

Dennis J. Herrera, City Attorney, Wayne Snodgrass and Rafal Ofierski, Deputy City Attorneys, for Defendants and Respondents.

**OPINION**

**RIVERA, J.**—Plaintiff James Chaffee brought an action for injunctive and declaratory relief, alleging defendants had violated the Ralph M. Brown Act (Gov. Code, § 54950 et seq.)[1] (the Brown Act) and the San Francisco Sunshine Ordinance of 1999 (S.F. Admin. Code, ch. 67) (the Sunshine Ordinance) by not allowing a public comment period of three minutes per speaker for each agenda item at a meeting of the San Francisco Public Library Commission (the Commission).[2] The trial court granted summary judgment to defendants. We affirm.

## I. BACKGROUND

The Commission held a meeting on September 4, 2003. There were 12 items on the agenda. Higueras announced at the beginning of the meeting that public comment on each agenda item would be limited to two minutes per speaker, instead of the three minutes normally allotted to each speaker.[3]

---

[1] All undesignated statutory references are to the Government Code.

[2] The named defendants were the Commission, Commission President Charles Higueras, and Commissioners Carol Steiman, Lonnie Chin, Helen Bautista, Steven Coulter, and Deborah Strobin.

[3] It appears that Chaffee spoke on seven agenda items at the meeting.

According to a declaration prepared by Higueras in support of defendants' motion for summary judgment, the Commission occasionally limits public comment to two minutes per speaker when necessary to allow the Commission to complete its agenda within a reasonable period of time, or before an anticipated loss of quorum. Before the September 4, 2003, meeting, Higueras anticipated that four of the items on the agenda would be lengthy, and the Commission would not be able to complete the meeting in a reasonable period unless public comments were shortened.

## II. DISCUSSION

Chaffee contends state and local law required the Commission to provide each speaker three minutes to make comments, and that the trial court erred in granting summary judgment to defendants.

As discussed in a decision announced by Division Two of the First Appellate District, involving the same plaintiff and many of the same defendants: "On appeal from a grant of summary judgment, we exercise our independent judgment in determining whether there are triable issues of material fact and whether the moving party is entitled to judgment as a matter of law. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334–335 [100 Cal.Rptr.2d 352, 8 P.3d 1089].) Summary judgment is properly granted if there is no question of fact and the issues raised by the pleadings must be decided as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493] (*Aguilar*).) In moving for summary judgment, a defendant may show that one or more elements of the cause of action cannot be established by the plaintiff or that there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (o)(2); *Aguilar, supra*, 25 Cal.4th at p. 849.) Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. (25 Cal.4th at p. 849.) The plaintiff may not rely upon the mere allegations or denials of his pleadings to show that a triable issue of material fact exists but instead, must set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto. (*Ibid.*) [¶] The moving party must support the motion with evidence including affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice must or may be taken. (Code Civ. Proc., § 437c, subd. (b); *Aguilar, supra*, 25 Cal.4th at p. 843.) Similarly, any adverse party may oppose the motion and ' "where appropriate," ' may present evidence including affidavits, declarations, admissions to interrogatories, depositions, and matters of which judicial notice must

or may be taken. (25 Cal.4th at p. 843.) In ruling on the motion, the court must consider all of the evidence and all of the inferences reasonably drawn therefrom (Code Civ. Proc., § 437c, subd. (c); *Aguilar, supra,* 25 Cal.4th at p. 843), and view such evidence and inferences in the light most favorable to the opposing party. (*Aguilar, supra,* at p. 843.)" (*Chaffee v. San Francisco Library Commission* (2004) 115 Cal.App.4th 461, 466 [9 Cal.Rptr.3d 336].)

■ Three enactments bear upon this dispute. The Brown Act requires local agencies to provide an opportunity for public comment at meetings. (§ 54954.3, subd. (a).) In particular, as pertinent here: "The legislative body of a local agency may adopt reasonable regulations to ensure that the intent of subdivision (a) is carried out, including, but not limited to, regulations limiting the total amount of time allocated for public testimony on particular issues and for each individual speaker." (§ 54954.3, subd. (b).)

The Sunshine Ordinance likewise regulates public comment at meetings. Section 67.15, subdivision (c) of the San Francisco Administrative Code provides: "A policy body may adopt reasonable regulations to ensure that the intent of subdivisions (a) and (b) [providing that members of the public have an opportunity to address public meetings] are carried out, including, but not limited to, regulations limiting the total amount of time allocated for public testimony on particular issues and for each individual speaker. Each policy body shall adopt a rule providing that each person wishing to speak on an item before the body at a regular or special meeting shall be permitted to be heard once for up to three minutes. Time limits shall be applied uniformly to members of the public wishing to testify."

The Commission's bylaws provide in article VII, section 2, as pertinent here: "The Commission shall hold meetings open to the public and encourage the participation of interested persons. Each person wishing to speak on an item before the Commission shall be permitted to be heard once for up to three minutes."

Chaffee's position is straightforward: He contends the phrase "up to three minutes" in the Sunshine Ordinance and the Commission's bylaws gives the *speaker*—not the Commission—the right and the power to determine how long his or her remarks will be, up to three minutes.[4] Defendants contend the provision that members of the public be permitted to be heard "for up to three

---

[4] Chaffee concedes that the three-minute period might be reduced if the total time allowed for testimony had been reached. The Commission's bylaws do not limit the total time of public comment testimony, and defendants make no contention that such a limit had been exceeded here.

minutes," although ambiguous, should be interpreted to mean that members of the public may be granted less than three minutes when required by the circumstances of a particular meeting. This interpretation, according to defendants, is consistent with the legislative history and the purpose of the Sunshine Ordinance.

 "The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] To determine legislative intent, we turn first, to the words of the statute, giving them their usual and ordinary meaning. [Citations.] When the language of a statute is clear, we need go no further. However, when the language is susceptible of more than one reasonable interpretation, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People v. Flores* (2003) 30 Cal.4th 1059, 1063 [135 Cal.Rptr.2d 63, 69 P.3d 979].) Thus, although we look first to the statutory language, we do not give the words a literal meaning if to do so would result in an absurd result that was not intended. (*People v. Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420].) We should avoid an interpretation " 'which renders a part of the statute or ordinance "surplusage." ' " (*Baldwin v. City of Los Angeles* (1999) 70 Cal.App.4th 819, 838 [83 Cal.Rptr.2d 178].) We must give due consideration to the public entity's view of the meaning of its ordinance. (*City of Walnut Creek v. County of Contra Costa* (1980) 101 Cal.App.3d 1012, 1021 [162 Cal.Rptr. 224].) However, we are not bound by the public entity's views, as interpretation of laws is ultimately a judicial function. (*City of Long Beach v. Department of Industrial Relations* (2004) 34 Cal.4th 942, 951 [22 Cal.Rptr.3d 518, 102 P.3d 904]; *Crumpler v. Board of Administration* (1973) 32 Cal.App.3d 567, 578 [108 Cal.Rptr. 293].) We use the same rules to interpret ordinances. (*Carson Harbor Village, Ltd. v. City of Carson Mobilehome Park Rental Review Bd.* (1999) 70 Cal.App.4th 281, 290 [82 Cal.Rptr.2d 569].)

Arguably, the language of the Sunshine Ordinance and the Commission bylaws is susceptible to more than one reasonable interpretation. Accordingly, we will look to appropriate extrinsic aids to ascertain its meaning.

Defendants argue the legislative history suggests the "up to three minutes" language in the Sunshine Ordinance was intended to give agencies flexibility in determining the length of public comments. The predecessor to the

Sunshine Ordinance required each board or commission to adopt rules providing that each person who wished to speak on an item at a meeting be heard "for not less than three minutes." (S.F. Admin. Code, former § 16.5-1.) Although at least one draft of the proposed Sunshine Ordinance contained a similar provision with the "not less than three minutes" language, the city ultimately adopted, in 1993, a version requiring policy bodies to adopt rules allowing speakers to be heard for "up to three minutes." (S.F. Admin. Code, § 67.15, subd. (c).) We agree with defendants that the language adopted provides for more flexibility than the language contained in the predecessor ordinance or in the earlier draft of the Sunshine Ordinance. Additionally, in a 1993 memorandum intended to familiarize boards, commissions, and department heads with the requirements of the recently enacted Sunshine Ordinance, the city attorney interpreted the ordinance to allow some discretion in the amount of time allowed for each speaker. The memorandum stated: "The San Francisco Administrative Code requires all boards, commissions and committees to allow each member of the public to speak once at the meetings with regard to each calendared item for up to three minutes; bodies may impose shorter, reasonable time limits in their discretion." Thus, the legislative history and the city's contemporaneous interpretation of its ordinance manifest an intention by the city to allow policy bodies discretion to set a time limit of less than three minutes for public comments. Moreover, as defendants point out, Chaffee's reading of the Sunshine Ordinance and the Commission bylaws would lead to the result that public entities would lack discretion to *increase* the time available for public comments in appropriate circumstances—a result surely not intended by the Brown Act or the Sunshine Ordinance.

We do not mean to imply that restrictions on public comment time may be applied unreasonably or arbitrarily.[5] However, there is no difficulty in imagining situations in which such limits would be appropriate. For instance, setting stricter time limits might be necessary in order to allow every member of the public who wished to speak to do so within the total time allotted for public comment, or in order to complete a meeting with a lengthy agenda within a reasonable period of time. This interpretation does not, as Chaffee argues, render the words "up to three minutes" surplusage. Rather, it allows public entities to exercise their reasonable discretion in departing from the normal time limits.

---

[5] For instance, Chaffee suggests that defendants' interpretation would mean that comment time could be limited if the news media were present, if the cameras were on, if there were sensitive issues, or if the Commission president did not like the comments being made. He also speculates that if defendants prevail here, they will restrict public comment time to five seconds in the future. None of those concerns are present here, and we do not address them.

■ This interpretation of the Sunshine Ordinance is consistent with the Brown Act. As noted earlier, the relevant portion of the Brown Act provides for local agencies to adopt "reasonable regulations to ensure [opportunity for public comment], including, but not limited to, regulations limiting the total amount of time allocated for public testimony on particular issues and for each individual speaker." (§ 54954.3, subd. (b).) The Brown Act does not specify a three-minute time period for comments, and does not prohibit public entities from limiting the comment period in the reasonable exercise of their discretion.

■ In light of the foregoing, we agree with the trial court that the undisputed evidence shows defendants did not violate the Sunshine Ordinance or the Brown Act in the September 4, 2003, meeting at issue here. Higueras stated in his declaration that before the meeting, he anticipated four items would be lengthy. Those items were the presentation of a report by two members of the library staff concerning the library's "affinity centers"; the presentation, discussion, and potential commission action on the 2003–2006 Strategic Plan for the library; the presentation by the city librarian on a proposed gift recognition policy; and a closed session with deputy city attorneys concerning pending litigation. Based on his judgment of the time required for the Commission to consider those four items and the other items on the agenda, Higueras concluded the Commission would not be able to complete its meeting in a reasonable period unless public comment was somewhat shortened. According to Higueras, meetings generally last between two and a half and three hours. When Higueras left the meeting after three hours, it was still in progress, and the meeting minutes indicate it lasted more than four hours. This showing was sufficient to meet defendants' initial burden on summary judgment to show that one or more elements of the action could not be established or there was a complete defense to the cause of action, and the burden accordingly shifted to plaintiff to show the existence of a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (o); *Aguilar*, *supra*, 25 Cal.4th at p. 849.)

In our view, plaintiff failed to meet his burden. He stated in a declaration that it was not unusual for the Commission meetings to have 12 or 13 items, and the 12-item agenda at the September 4, 2003, meeting was not unusually long. Whatever the number of agenda items that are usual at the Commission meetings, plaintiff presented no evidence that Higueras did not reasonably expect the four items he enumerated to be lengthy, or that the Commission did not reasonably apply its bylaws in the circumstances.

## III. DISPOSITION

The judgment is affirmed.

Reardon, Acting P. J., and Sepulveda, J., concurred.