EDMUND G. BROWN JR. Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE GREGORY TOTTEN, DISTRICT ATTORNEY, COUNTY OF VENTURA, has requested an opinion on the following questions:
1. Under the Ralph M. Brown Act, may the Superintendent of Schools of a high school district prohibit an administrative employee of the district from attending a public school board meeting?
2. Under the Ralph M. Brown Act, may the Superintendent of Schools of a high school district prohibit an administrative employee of the district from speaking during the public comment period of a public school board meeting on an agenda item concerning his demotion from assistant high school principal to a teaching position? *Page 2 
 CONCLUSIONS
1. Under the Ralph M. Brown Act, the Superintendent of Schools of a high school district may not prohibit an administrative employee of the district from attending a public school board meeting.
2. Under the Ralph M. Brown Act, the Superintendent of Schools of a high school district may not prohibit an administrative employee of the district from speaking during the public comment period of a public school board meeting on an agenda item concerning his demotion from assistant high school principal to a teaching position.
 ANALYSIS
The two questions presented for resolution call for the application of the Ralph M. Brown Act (Gov. Code, §§ 54950-54963; "Brown Act"),[1]
which is designed to encourage public participation in government by requiring public agencies to conduct their business and deliberate in meetings open to the public. (Shapiro v. Bd. of Directors (2005)134 Cal.App.4th 170, 179; Chafee v. San Francisco Library Comm. (2004)115 Cal.App.4th 461, 468-469; 89 Ops.Cal.Atty.Gen. 241, 244-245 (2006).) We are told that a high school district employee has received notice from the Superintendent of Schools ("Superintendent") that he is being demoted from his position as an assistant high school principal to a teaching position (see Ed. Code, § 44951), and that this personnel decision will be placed on the consent calendar for ratification at the next regularly scheduled meeting of the district's board of trustees ("Board"). Given this context, we are asked whether, consistent with the Brown Act, the Superintendent may prohibit the employee from attending the meeting or from speaking during the meeting's public comment period on the subject of his demotion. We conclude that the Superintendent may not prohibit the employee from attending the meeting or from speaking during the public comment period.
1. Attendance at the Meeting
Section 54953, subdivision (a), specifies the general rule for public agencies to hold their meetings in public:
 All meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the *Page 3 
legislative body of a local agency, except as otherwise provided in this chapter.
A high school district's board of trustees is a "legislative body of a local agency" for purposes of the Brown Act. (§§ 54951, 54952, subd. (b); see Kavanaugh v. West Sonoma County Union High School Dist. (2003) 29 Cal.4th 911, 924; Fischer v. Los Angeles Unified School Dist. (1999)70 Cal.App.4th 87, 95.) In addition, Education Code section 35145 specifies that all school board meetings shall be public and conducted in accordance with the Brown Act.
With respect to public attendance at meetings of a local agency's legislative body, section 54953.3 states in part:
 A member of the public shall not be required, as a condition to attendance at a meeting of a legislative body of a local agency, to register his or her name, to provide other information, to complete a questionnaire, or otherwise to fulfill any condition precedent to his or her attendance.
Accordingly, all persons are permitted to attend any open session of a local governing body's public meetings without preconditions placed on that attendance, subject only to a possible removal for willfully interrupting or disrupting the meeting (see § 54957.9; Baca v. MorenoValley Unified School Dist. (C.D.Cal. 1996) 936 F.Supp. 719, 725, fn. 2). The statutes make no exception for the local agency's own employees, and none may be implied, especially in light of the liberal interpretation to be given the Brown Act in favor of openness in conducting the public's business. (See Shapiro v. San Diego CityCouncil (2002) 96 Cal.App.4th 904, 917.)
We note that a local governing body may conduct certain deliberations and votes in closed session, where no public attendance is permitted. These specific statutory exceptions to the general open meeting requirement include real property negotiations (§ 54956.8), discussions with legal counsel concerning pending litigation (§ 54956.9), and the consideration of the appointment, employment, evaluation or performance, discipline, or dismissal of a public employee (§ 54957). Although the present circumstances involve the Board's ratification of an employee's demotion, which could be designated as a closed session agenda item, we are informed that the item will not be so designated, and we are asked to consider only whether the employee may properly be excluded from the meeting. (See Leventhal v. Vista Unified School Dist. (S.D.Cal. 1997)973 F.Supp. 951, 958 [Brown Act permits governing bodies to hold closed sessions about personnel matters, but it does not restrict discussion of all employment-related issues to closed session].) *Page 4 
Although the Superintendent exercises supervisory authority over the employee with respect to his work-related duties, we find that such authority does not extend to prohibiting the employee from attending, on his own time, a public meeting of the Board. Here, we are told that the meeting in question will be scheduled to begin at 5:30 p.m., which we presume will be after the employee's regular work hours.
We recognize that the Brown Act's provisions are generally directed at members of the legislative bodies of local agencies. (§§ 54959, 54960; cf. § 54952.2, subd. (b) [members of governing body may not violate Brown Act's ban on non-public serial meetings through use of, among other things, personal intermediaries].) Hence, the Brown Act does notdirectly regulate the conduct of persons who are not members of a local legislative body. (See Boyle v. City of Redondo Beach (1999)70 Cal.App.4th 1109, 1122.) In this context, however, the members of the Board must be held responsible for the actions of their Superintendent who, while not an actual member of the Board, functions as its "chief executive officer" (Ed. Code, § 35035, subd. (a)) and whose official actions are deemed to be under the Board's control (Frazer v. DixonUnified School Dist. (1993) 18 Cal.App.4th 781, 792, fn. 14; see alsoMain v. Claremont Unified School Dist. (1958) 161 Cal.App.2d 189, 204, disapproved in part on other grounds, Barthuli v. Board of Trustees
(1977) 19 Cal.3d 717, 722).
In response to the first question, then, we conclude that under the Brown Act, the Superintendent may not prohibit an administrative employee of the district from attending a public Board meeting.
2. Public Comment at the Meeting
With respect to members of the public addressing the legislative body of a local agency at one of its public meetings, section 54954.3 provides:
 (a) Every agenda for regular meetings shall provide an opportunity for members of the public to directly address the legislative body on any item of interest to the public, before or during the legislative body's consideration of the item, that is within the subject matter jurisdiction of the legislative body, provided that no action shall be taken on any item not appearing on the agenda unless the action is otherwise authorized by subdivision (b) of Section 54952.2. . . . *Page 5 
 (b) The legislative body of a local agency may adopt reasonable regulations to ensure that the intent of subdivision (a) is carried out, including, but not limited to, regulations limiting the total amount of time allocated for public testimony on particular issues and for each individual speaker.
 (c) The legislative body of a local agency shall not prohibit public criticism of the policies, procedures, programs, or services of the agency, or of the acts or omissions of the legislative body. Nothing in this subdivision shall confer any privilege or protection for expression beyond that otherwise provided by law.
Thus, the Brown Act not only allows members of the public to attend the legislative body's meetings, it allows the public to participate in the decision-making process by presenting testimony. (89 Ops.Cal.Atty.Gen., supra, at p. 246; 78 Ops.Cal.Atty.Gen. 224 (1995);75 Ops.Cal.Atty.Gen. 89 (1992).
 Further, Education Code section 35145.5
provides in part as follows:
 Every agenda for regular meetings shall provide an opportunity for members of the public to directly address the governing board on any item of interest to the public, before or during the governing board's consideration of the item, that is within the subject matter jurisdiction of the governing board. Governing boards shall adopt reasonable regulations to insure that this intent is carried out. The regulations may specify reasonable procedures to insure the proper functioning of governing board meetings.
Here, the Superintendent's proposed demotion of an employee from assistant principal to a teaching position clearly falls within the scope of section 54954.3, subdivision (a), and Education Code section 35145.5, requiring the Board's approval. (See Ed. Code, § 44951; Ellerbroek v. SaddlebackValley Unified School Dist. (1981)125 Cal.App.3d 348, 373-375.) Under these statutes, the matter is within the Board's subject matter jurisdiction and subject to public comment before or during the Board's consideration of the agenda item. Moreover, the staffing of key administrative positions within a school district is of significant public interest. (See, e.g., BRV, Inc. v. SuperiorCourt (2006) 143 Cal.App.4th 742, 757 ["Without doubt, the public has a significant interest in the professional competence and conduct of a school district superintendent and high school principal"].) *Page 6 
We conclude in response to the second question that under the Ralph M. Brown Act, the Superintendent may not prohibit an administrative employee of the district from speaking during the public comment period of a public Board meeting on an agenda item concerning his demotion from assistant high school principal to a teaching position.
[1] All further references to the Government Code are by section number only. *Page 1