Filed 2/22/19; Certified for Publication 3/4/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ERIC PREVEN, | B287559 |
| Petitioner and Appellant, | (Los Angeles County Super. Ct. No. BS166039) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles, John P. Doyle, Judge. Affirmed in part, reversed in part.

Paul Nicholas Boylan, for Petitioner and Appellant.

Michael N. Feuer, City Attorney, Blithe S. Bock, Assistant City Attorney, and Paul L. Winnemore, Deputy City Attorney, for Respondents.

_____

This appeal concerns the statutory interpretation of one of the public comment requirements of California's open meeting law, the Ralph M. Brown

Act, Government Code section 54950 et seq.[1]  Appellant Eric Preven exercised his opportunity to address a meeting of the Los Angeles City Council's Planning and Land Use Management Committee (PLUM).  He was then denied the opportunity to address the full city council when it held a special meeting the next day to discuss, among other things, the recommendation arrived at by the PLUM committee.

Asserting the City of Los Angeles's (City) refusal to let him address the special city council meeting was part of a larger pattern of Brown Act violations, Preven sent a cease and desist demand letter to the City.  When the City failed to respond to that letter, he filed a petition for a writ of mandate and complaint for declaratory relief to enforce the Brown Act.  He further brought a second claim based on the California Public Records Act. ((CPRA); § 6250 et seq.)

In response to the petition, the City argued the Brown Act requires only the opportunity to address a special meeting of a legislative body before it takes action.  Since Preven spoke before the special city council meeting at the PLUM committee meeting, the City asserted it could bar Preven from addressing the full council on the same topic.  The trial court agreed, sustained the City's demurrer without leave to amend, and entered a judgment of dismissal.

For the reasons set forth below, we find Preven has stated a claim for a writ of mandate and declaratory relief with regard to the Brown Act.  We accordingly reverse the judgment of dismissal as to that count.  Given Preven's concession that he is not suing to enforce the CPRA, and did not

---

[1]     All statutory references are to the Government Code.

make any request for records pursuant to it, we affirm the trial court's dismissal of the CPRA count as duplicative of his Brown Act claim.

## BACKGROUND

When " 'reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we . . . assume the truth of all facts properly pleaded' " in the operative petition, " 'as well as those [facts] that are judicially noticeable.' " (*Heckart v. A-1 Self Storage, Inc.* (2018) 4 Cal.5th 749, 753.)

On December 15, 2015, the PLUM committee held an open meeting. That committee consists of five members of the fifteen-member city council. Agenda item 5 for the meeting concerned a recommendation to the full city council on a proposed real estate development near Preven's residence. The committee listened to comment from members of the public, including Preven, and voted unanimously to make a report and recommendation of approval to the full city council.

The following day, December 16, 2015, a special meeting of the city council was held to decide (among other things) whether to approve the recommendation of the PLUM committee on the real estate development. Preven knew this special meeting was scheduled to take place when he attended the December 15th PLUM committee meeting. Preven attended the December 16th special meeting, and requested an opportunity to address the city council, including the ten council members who were not part of the five-member PLUM committee. His request was denied on the grounds that he and others had the opportunity to comment on the real estate development agenda item at the PLUM committee meeting the previous day.

3

On September 14, 2016, Preven delivered a cease and desist demand letter to the City Clerk.[2]  In it, he asserted the City had violated the Brown Act by preventing him from speaking at the December 16, 2015 meeting, and that the City had engaged in similar improper conduct at subsequent special city council meetings in May and June 2016.  The City did not respond to that letter within 60 days, or at any time afterwards.

## DISCUSSION

"[W]e review the [operative petition] de novo to determine whether it alleges facts stating a cause of action under any legal theory." (*Tom Jones Enterprises, Ltd. v. County of Los Angeles* (2013) 212 Cal.App.4th 1283, 1290; see also *Jacobs v. Regents of University of California* (2017) 13 Cal.App.5th 17, 24 [de novo review of petition for writ of mandate involving statutory guaranty], *Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 954−955 [issues of statutory interpretation reviewed de novo].)

### A.  The Brown Act

"The purpose of the Brown Act is to facilitate public participation in local government decisions and to curb misuse of the democratic process by secret legislation." (*Boyle v. City of Redondo Beach* (1999) 70 Cal.App.4th 1109, 1116.)  As a remedial statute, we construe the Brown Act liberally to accomplish its purpose, and "suppress the mischief at which it is directed." (*International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc.* (1999) 69 Cal.App.4th 287, 294.)

#### 1. *Regular Versus Special Meetings*

---

[2]  The sending of such a demand letter is required prior to pursuing litigation under the Brown Act to permit the legislative body the opportunity to commit not to repeat the actions alleged to be in violation of the Act.  (§ 54960.2.)

4

The Brown Act distinguishes between regular and special meetings of a legislative body. Legislative bodies must determine a regular time and place for holding their meetings. (§ 54954, subd. (a).) Regular meetings must be preceded by 72 hours' notice, including an agenda with "a brief general description of each item of business to be transacted or discussed at the meeting." (§ 54954.2.) While legislative discussion and action is generally restricted to items listed on the agenda, section 54954.2, subdivision (b) permits certain exceptions to this general rule. The scope of permissible public comment at a regular meeting includes "any item of interest to the public . . . that is within the subject matter jurisdiction of the legislative body." (§ 54954.3, subd. (a) (54954.3(a)).) The public's opportunity to address the legislative body must take place "before or during the legislative body's consideration" of the item at issue. (*Ibid.*)

However, the legislative body does need not provide an opportunity for public comment at a regular meeting: "on any item that has already been considered by a committee, composed exclusively of members of the legislative body, at a public meeting wherein all interested members of the public were afforded the opportunity to address the committee on the item, before or during the committee's consideration of the item, unless the item has been substantially changed since the committee heard the item, as determined by the legislative body." (§ 54953.3(a).)

The parties refer to this as the "committee exception," and we likewise use that terminology for ease of reference.

Special meetings, on the other hand, may be called at any time by the presiding officer or a majority of the members of a legislative body no less than 24 hours in advance of the meeting, and upon certain specified notice requirements including notice of "the business to be transacted or discussed."

(§ 54956, subd. (a).) The agenda posting exceptions listed in section 54954.2, subdivision (b) do not apply to special meetings, and no business beyond that set forth in the notice "shall be considered" at a special meeting. (§ 54956, subd. (a).) The scope of public comment is similarly delimited to items noticed for the special meeting. Instead of being able to address any item of interest within the legislative body's subject matter jurisdiction, the public has a right to address a special meeting on "any item that has been described in the notice for the meeting." (§ 54954.3(a).) As with general meetings, the public must be given the opportunity to address the legislative body "before or during consideration" of the agenda item. (*Ibid*.)

### 2. *The Trial Court's Ruling*

In sustaining the City's demurrer, the trial court held that the Brown Act does not establish different public participation rules for special meetings and regular meetings, especially where an individual already had an opportunity to address a committee on the item in question. After granting leave to amend and considering additional legislative history submitted by the parties, the court found the committee exception in section 54954.3(a) applies to both regular and special meetings. The court further reasoned that Preven had the opportunity to address the PLUM committee before the special city council meeting, and therefore he did not have a right to be heard again on the same item at the special meeting.

### 3. *The Committee Exception Does Not Apply to Special Meetings*

The trial court's holding that the committee exception in section 54954.3(a) applies to special meetings was error. Indeed, before us, the City concedes the committee exception applies only to regular meetings. "Under general settled canons of statutory construction, we ascertain the

6

Legislature's intent in order to effectuate the law's purpose." (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572.) We " 'look first to the words of the statute, "because they generally provide the most reliable indicator of legislative intent." ' " (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1250.)

It is a general rule of statutory construction that modifying phrases are to be applied to the words immediately preceding them. (*People v. Corey* (1978) 21 Cal.3d 738, 742.) The full language of section 54954.3(a) has three sentences, which are separated below for ease of reference:

"Every agenda for regular meetings shall provide an opportunity for members of the public to directly address the legislative body on any item of interest to the public, before or during the legislative body's consideration of the item, that is within the subject matter jurisdiction of the legislative body, provided that no action shall be taken on any item not appearing on the agenda unless the action is otherwise authorized by subdivision (b) of Section 54954.2.

"However, the agenda need not provide an opportunity for members of the public to address the legislative body on any item that has already been considered by a committee, composed exclusively of members of the legislative body, at a public meeting wherein all interested members of the public were afforded the opportunity to address the committee on the item, before or during the committee's consideration of the item, unless the item has been substantially changed since the committee heard the item, as determined by the legislative body.

"Every notice for a special meeting shall provide an opportunity for members of the public to directly address the legislative body concerning any item that has been described in the notice for the meeting before or during consideration of that item."

The plain language of section 54954.3(a) specifies that the committee exception applies to only to regular meetings. " 'If the statutory language is

clear and unambiguous, our inquiry ends.' " (*Kirby*, *supra*, 53 Cal.4th at p. 1250.) The sentence setting forth the committee exception comes after the first sentence discussing regular meetings, and begins with "However . . . ." This indicates the second sentence is modifying the first sentence. (*Corey*, *supra*, 21 Cal.3d at p. 742.) The sentence setting forth the committee exception also comes before the third sentence discussing special meetings, and the third sentence does not refer to the second sentence or any committee exception.

### 4. *"Before" Cannot Be Read to Create a Committee Exception for Special Meetings*

Instead of arguing section 54954.3(a)'s committee exception applies to special meetings, the City claims it complied with the Brown Act because section 54954.3(a) requires the opportunity for public comment "before . . . consideration" of the special meeting agenda item, and Preven was given the opportunity to comment before the special city council meeting at the PLUM committee meeting the preceding day. We do not agree that section 54954.3(a)'s language requiring the opportunity for public comment "before . . . consideration" by a legislative body at a special meeting can be construed so broadly.

A fundamental rule of statutory construction requires that every part of a statute be presumed to have some effect and not be treated as meaningless unless absolutely necessary. " '[A] construction that renders a word surplusage should be avoided.' " (*People v. Arias* (2008) 45 Cal.4th 169, 180.) Construing the phrase requiring the public be allowed to address a special meeting "before . . . consideration of that item" to create what would in effect be a committee exception for special meetings renders the committee exception language already in section 54954.3(a) superfluous. Section

8

54954.3(a) requires that any public comments—whether at a regular or special meeting—occur "before or during" the legislative body's consideration of that item. If public comment "before" a regular or special meeting includes a prior committee meeting, the committee exception language for regular meetings would be superfluous and unnecessary.

As a fallback, the City tries to analogize the facts here to one continuous meeting over several days, citing *Chaffee v. San Francisco Library Commission* (2004) 115 Cal.App.4th 461, 468. In *Chaffee*, the court found that when a legislative body's meeting spans more than one day, the legislative body needs to provide only a single general public comment period rather than comment periods on multiple days. (*Id.* at p. 468.) That analogy is inapt. *Chafee* involved a hearing of the same legislative body with the same members involved in one meeting that took more than one day. Here, in contrast, there was a meeting of the PLUM committee involving five members of the city council. That meeting started and ended on December 15, 2015. It was followed the next day by a separate and distinct meeting of the full city council—including 10 members not present at the committee meeting.

### 5. The Legislative History Indicates that the Word "Before" in Section 54954.3(a) Does Not Refer to Prior, Separate Committee Meetings

Given the potential ambiguity in section 54954.3(a) over whether the required opportunity for public comment "before" a legislative body takes action at a special meeting includes comment at a prior separate meeting, or is limited to the timing of public comment within the special meeting itself, we also consider the legislative history of section 54954.3(a). (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340.) When examining legislative history, it

is appropriate to consider the timing and historical context of the Legislature's actions.  (*MCI Communications Services, Inc. v. California Dept. of Tax & Fee Administration* (2018) 28 Cal.App.5th 635, 652.)

### a.  Regular Meeting Provisions:  1953−1991

As originally enacted in 1953, the Brown Act did not require the opportunity for public comment at either regular or special meetings.  (Stats. 1953, ch. 1588, § 1.)  In 1986, the Act was amended to include a public comment requirement for regular meetings.  The Legislature also created an exception to such public comment at regular meetings of a city council or board of supervisors where the public had previously addressed a committee of the council or board on the agenda item.  (Stats. 1986, ch. 641, § 6.)

In 1991—after the enactment of the committee exception for regular meetings—the Act was amended to require public comment at regular meetings of all legislative bodies (including city council and board of supervisor meetings) occur "before or during" consideration by the legislative body or committee of the item.  (Stats. 1991, ch. 66, § 1.)

As shown by this chronology, the "before" language for regular meetings was enacted five years after the committee exception.  As with the structure of section 54954.3(a) itself, the statute's provenance indicates that the "before" language was not designed to limit comment based on speech at a separate prior meeting.  After all, at the time the "before" language was included in section 54954.3(a), that provision already had a committee exception, which addressed when comments could be limited based on prior meetings.  The 1991 amendment was not designed to further limit public comment, but rather to make sure that public comments were in fact heard and considered.  By requiring public comments "before or during" any legislative consideration at a regular *or* committee meeting, the 1991 "before"

10

language made sure public comments within a particular meeting (either a committee or regular meeting) were heard by the legislative body in that meeting before it considered an item and took action.

### b. *Special Meeting Provisions: 1993–1994*

It was not until 1993 that the Legislature required an opportunity for public comment at special meetings of legislative bodies.  (Stats. 1993, ch. 1136 (Assem. Bill No. 1426) § 9; ch. 1137 (Sen. Bill No. 36) § 9.)  In that year, the Legislature added a sentence at the end of section 54954.3(a) stating "Every notice for a special meeting at which action is proposed to be taken on an item shall provide an opportunity for members of the public to directly address the legislative body concerning that item prior to action on the item." (*Ibid*.)

Preven submitted evidence below indicating one suggested amendment to the 1993 Senate Bill included a committee exception for special meetings, which the Legislature ultimately did not include.  The available legislative history provides no indication as to why this proposed committee exception for special meetings was not included in the final bill.  This draft amendment, however, does highlight the obvious point that if the Legislature wanted to create a committee-like exception for special meetings, it knew how to say so clearly.  That fact that the Legislature chose not to do so is evidence of its intent not to create the type of exception urged by the City.  (*People v. Tilbury* (1991) 54 Cal.3d 56, 61–63.)

Finally, in 1994, the special meeting language in section 54954.3(a) was amended into its current form to parallel more closely the first sentence of

that section requiring public comment at regular meetings occur "before or during" consideration by the legislative body. (Stats. 1994, ch. 32, § 9.)[3]

### c. Conclusion

This legislative history shows that section 54954.3(a)'s current requirement that the public be allowed to address a special meeting "before or during" consideration of an agenda item has the same meaning as similar "before or during" language did when it was enacted in 1991 for general meetings. The "before or during" language concerns the timing of comments within a particular meeting, and does operate to restrict comment based on a prior distinct meeting.

The City argues this construction would lead to absurd results by leading to different public participation rules for special and regular meetings. We see no such absurdity. Both the statute as well as its legislative history show that the Legislature has purposefully made a number of distinctions between regular and special meetings. The notice requirements are different—72 hours for regular meetings, 24 hours for special meetings. The scope of permissible comment at the meetings is different—"any item of interest to the public . . . within the subject matter jurisdiction of the legislative body" for regular meetings, compared to only those items "described in the notice" for special meetings. There is a committee exception for regular meetings, and no committee exception for special meeting. To the extent the Brown Act's public comment rules are

---

[3]     The changes from the 1993 language were as follows: Every notice for a special meeting ~~at which action is proposed to be taken on an item~~ shall provide an opportunity for members of the public to directly address the legislative body concerning any ~~that~~ item ~~prior to action on the item~~<u>that has been described in the notice for the meeting before or during consideration of that item</u>.

12

incongruous as between regular and special meetings preceded by a committee meeting, it is the province of the Legislature, and not this court, to bring them more in harmony.

Given the plain language of the statute, and its legislative history, we find the Brown Act does not permit limiting comment at special city council meetings based on comments at prior, distinct committee meetings. Preven adequately alleged a claim that he was improperly denied the opportunity to comment on the agenda item at a special meeting. Preven also adequately alleged a pattern of conduct by the City at special city council meetings in violation of the Brown Act. He therefore stated a claim in his amended petition for a writ of mandate and complaint for declaratory relief under the Brown Act.

## B. Preven Failed to State a Claim Under the CPRA

In addition to his Brown Act claim, Preven brought a second cause of action for declaratory relief and a writ of mandate under the CPRA to enforce his right to address the city council. Preven concedes that he is not suing to enforce the CPRA, and did not make a request for records pursuant to the statute. The City's demurrer was sustained without leave to amend based on the CPRA claim being duplicative of the Brown Act claim.

When a demurrer is sustained without leave to amend, we look to see "whether there is a reasonable possibility that the defect can be cured by amendment." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) Given Preven's acknowledgment that he is not seeking to enforce the CPRA, there is no reasonable possibility the defects in his second cause of action under the CPRA can be cured. The trial court did not abuse its discretion in sustaining the demurrer to the CPRA cause of action without leave to amend.

13

## DISPOSITION

The judgment of dismissal is reversed.  The matter is remanded for further proceedings consistent with this opinion.  The parties are to bear their own costs on appeal.


WEINGART, J.[*]


We concur:


CHANEY, J., Acting P. J.


BENDIX, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 3/4/19

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ERIC PREVEN, | B287559 |
| Petitioner and Appellant, | (Super. Ct. L.A. County No. BS166039) |
| v. | |
| CITY OF LOS ANGELES et al., | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendants and Respondents. | |

THE COURT*:

Good cause appearing, it is ordered that the opinion in the above entitled matter, filed February 22, 2019, be published in the official reports.

_____

_____    _____    _____

   *CHANEY, Acting P. J.        BENDIX, J.         WEINGART, J.**

** Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.